

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2008

# Roopchand v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2033

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Roopchand v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1238.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1238

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2033

ALEAH ROOPCHAND,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A97-516-785)
Immigration Judge: Honorable Mirlande Tadal

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2008

Before: AMBRO, FISHER and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 12, 2008)

OPINION

PER CURIAM

Aleah Roopchand petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing her appeal from the Immigration Judge's ("IJ") denial of a motion to reopen removal proceedings. We will deny her petition.

I.

Roopchand, a native and citizen of Trinidad and Tobago, entered the United States on February 26, 2000. She then failed to depart when her nonimmigrant visa expired. At a hearing before the IJ, Roopchand admitted that she was removable as charged and requested voluntary departure. The IJ's written order of November 17, 2005, stated that Roopchand's "application for voluntary departure was granted until [March 17, 2006] . . . , with an alternate Order of removal to Trinidad and Tobago." (A158 (emphasis omitted).) The order further indicated that the parties waived their rights to appeal.

Roopchand allegedly married a United States citizen on February 23, 2006. She accordingly filed a motion to reopen her removal proceedings on March 13, 2006, together with an I-130 petition and requests to extend her voluntary departure period. On May 25, 2006, the IJ denied the motion to reopen because it was not filed within the applicable 90-day time period. The IJ concluded that her November 17, 2005 order became final on November 17, 2005, because both parties had waived their appellate rights. The BIA dismissed Roopchand's appeal on March 7, 2007. It expressly found that, "[a]lthough her motion was filed within the voluntary departure period, it was not

2

filed within the 90-day period following the [IJ's] administratively final decision" of November 17, 2005. (A5.) Roopchand filed a timely petition for review.

## II.

It is undisputed by the parties that motions to reopen "shall be filed within 90 days of the date of entry of a final administrative order of removal."[1] 8 U.S.C. § 1229a(c)(7)(C)(i); see also 8 C.F.R. § 1003.23(b)(1). The BIA agreed with the IJ's finding that the November 17, 2005 voluntary departure and alternate removal order, containing an express waiver of the parties' appellate rights, was final as of November 17, 2005, and therefore immediately triggered the 90-day period. See 8 C.F.R. § 1241.1(b) (stating that an order of removal becomes final "[u]pon waiver of appeal by the respondent"). Because the motion to reopen was not filed until March 13, 2006, it was rejected as untimely.

However, Roopchand argues that the order did not become final until her voluntary departure period subsequently expired on March 17, 2006. In advancing this theory, she relies heavily on an administrative regulation stating that an order of removal shall become final:

> If an immigration judge issues an alternate order of removal in connection
> with a grant of voluntary departure, upon overstay of the voluntary

---

[1] We have jurisdiction over this matter pursuant to 8 U.S.C. § 1252. While generally reviewing the BIA's denial of a motion to reopen for abuse of discretion, we review its legal conclusions de novo. See, e.g., Barrios v. Att'y Gen., 399 F.3d 272, 274 (3d Cir. 2005).

3

departure period except where the respondent has filed a timely appeal with the [BIA]. In such a case, the order shall become final upon an order of removal by the [BIA] or the Attorney General, or upon overstay of any voluntary departure period granted or reinstated by the [BIA] or the Attorney General.

8 C.F.R. § 1241.1(f). We must reject the theory of finality offered by Roopchand.

She cites no judicial or administrative decision adopting (or even addressing) her understanding of finality. As the government points out, this Court expressly addressed 8 C.F.R. § 1241(f) in the context of determining whether there was a requisite final administrative order for purposes of judicial review. In Obale v. Att'y Gen., 453 F.3d 151 (3d Cir. 2006), the BIA issued an order affirming the IJ's removal ruling and granting the petitioner an additional 30-day voluntary departure period from the date of the BIA's order. Id. at 154. We held that "the BIA's affirmance of [the IJ's removal] determination effected a 'final' order on the date of the BIA's decision." Id. at 160 (footnote omitted). In the process, we specifically rejected the notion that the administrative provision meant that an order did not become "final" until the petitioner overstayed the period for voluntary departure. Id. at 157-60. Because the regulation "would be inconsistent with the statutory definition of a final order of removal if applied to determine finality for purposes of judicial review, we declin[ed] to enforce it." Id. at 160.

Especially given Roopchand's failure to address or even cite our previous decision in Obale, there would appear to be no legitimate reason why its reasoning should not apply in the context of a motion to reopen. In fact, the theory of finality offered by

4

Roopchand renders her own motion to reopen premature because it was filed *before* her voluntary departure date. But if she had actually waited until after her voluntary departure date to file the motion, she would then be statutorily ineligible for adjustment of status due to her failure to depart. See 8 U.S.C. § 1229c(d)(1)(B). Under the circumstances, the administrative regulation she cites "may have been intended solely to specify when an order of removal may be executed" by immigration authorities. Obale, 453 F.3d at 160 n.9. As we further observed in Obale, "if there is no final order of removal until 'overstay of any voluntary departure period,' then there is never a final order when the [alien] voluntarily departs in a timely fashion." Id. Such a result would appear not only absurd but "inconsistent with Congressional intent." Id. Finally, Roopchand was not denied a fair opportunity to obtain relief. On the contrary, she chose to request the privilege of voluntary departure, and she then had three full months following the IJ's November 17, 2005 voluntary departure and alternative removal order in which to file a timely motion to reopen. But she did not do so.

In light of our previous ruling in Obale, we find that the BIA (and the IJ) properly calculated the 90-day time period for a motion to reopen and then correctly determined that Roopchand's motion to reopen must be denied as untimely.

### III.

For the foregoing reasons, we will deny the petition for review.